Beth G. Baldinger, Esq. (BGB-0852)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARREN A. DICKERSON,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF CAMDEN, CAMDEN COUNTY POLICE DEPARTMENT; NIGEL SHOCKLEY; JEREMY MERCK; ANTONIO GENNETTA; MARK MARCHIAFAVA; JOHN SCOTT THOMSON; ORLANDO CUEVAS; JOHN DOE(S) 1-50; ABC ENTITIES 1-10.<br><br>Defendants. | CIVIL ACTION NO.:<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Darren A. Dickerson, a resident of 749 Ramona Gonzalez Street, City of Camden, Camden County, New Jersey, by way of complaint against defendants, hereby says:

### PARTIES

1. At all relevant times, plaintiff, Darren Dickerson ("Dickerson") was and is a resident of the City of Camden, County of Camden, State of New Jersey.

2. Defendant, County of Camden ("Camden County") is a governmental entity authorized and operating under the laws of the State of New Jersey with responsibility for making governmental policy and for oversight of numerous county agencies and instrumentalities, including defendant Camden County Police Department.

3. Defendant, Camden County Police Department -- also known as and operating as Camden County Police Department Metro Division (hereinafter "CCPD") -- is organized and exists pursuant to the laws of the State of New Jersey.

4. Defendant CCPD is a policy making agency and instrumentality of Camden County responsible for providing police and law enforcement services to and on behalf of Camden County in the City of Camden pursuant to a Police Services Agreement between Camden County and the City of Camden.

5. At all relevant times herein, defendant John Scott Thomson (hereinafter "Chief Thomson") was and is the duly appointed Chief of Police of the CCPD. As such, Chief Thomson was the superior of defendants Orlando Cuevas, Nigel Shockley, Jeremy Merck, Antonio Gennetta, Mark Marchiafava, and John Does 1-50 and was responsible for their screening, hiring, training, retention, supervision, discipline and conduct. Chief Thomson was also responsible for the supervision and oversight of the CCPD, including the formulation and enforcement of the regulations, policies, procedures and standards of the CCPD regarding, inter alia, the use of force, arrest procedures, medical care, internal affairs investigations, discipline and overall conduct of police officers. Chief Thomson was responsible for ensuring that all police officers and other personnel of the CCPD obeyed the laws of the United States, the State of New Jersey, and the lawful regulations and policies of the CCPD. At all relevant times, Chief Thomson was acting under color of New Jersey law, as an agent, servant and employee of Camden County and/or the CCPD, pursuant to the policies, customs and practices of Camden County and/or the CCPD. Chief Thomson is being sued in this action in his official capacity and individual capacity.

6. At all relevant times herein, defendant Orlando Cuevas (hereinafter "Asst. Chief Cuevas") was and is the duly appointed Assistant Chief of Police of the CCPD. Asst. Chief Cuevas, individually and/or jointly with Chief Thomson, acted as the superior of defendants Jeremy Merck, Antonio Gennetta, Mark Marchiafava, Nigel Shockley, and John Does 1-50 and was responsible for their screening, hiring, training, retention, supervision, discipline and conduct. Asst. Chief Cuevas, individually and/or jointly with Chief Thomson, was also responsible for the supervision and oversight of the CCPD including the formulation and enforcement of the regulations, policies and procedures of the CCPD regarding, <u>inter alia</u>, the use of force, arrest procedures, medical care, internal affairs investigations, discipline and overall conduct of police officers. Asst. Chief Cuevas, individually and/or jointly with Chief Thomson, was responsible for ensuring that all police officers and other personnel of the CCPD obeyed the laws of the United States, the State of New Jersey, and the lawful regulations and policies of the CCPD. At all relevant times, Asst. Chief Cuevas was acting under color of New Jersey law, as an agent, servant and employee of Camden County and/or the CCPD, pursuant to the policies, customs and practices of Camden County and/or the CCPD. Asst. Chief Cuevas is being sued in this action in his official capacity and individual capacity.

7. At all relevant times herein, defendant Jeremy Merck (Badge #126) (hereinafter "Merck") was a Sergeant in the CCPD and acting under color of New Jersey law as an agent, servant and employee of Camden County and/or the CCPD. Merck is being sued in this action in his official capacity and individual capacity.

8. At all relevant times herein, defendant Anthony Gennetta (Badge #357) (hereinafter "Gennetta") was a police officer in the CCPD and acting under color of New Jersey law as an agent, servant and employee of Camden County and/or the CCPD. Gennetta is being sued in this action in his official capacity and in his individual capacity.

9. At all relevant times herein, defendant Mark Marchiafava (Badge #354) (hereinafter "Marchiafava") was a police officer in the CCPD and acting under color of New Jersey law as an agent, servant and employee of Camden County and/or the CCPD. Marchiafava is being sued in this action in his official capacity and in his individual capacity.

10. At all relevant times herein, defendant Nigel Shockley (Badge #322) (hereinafter "Shockley") was a police officer in the CCPD and acting under color of New Jersey law as an agent, servant and employee of Camden County and/or the CCPD. Shockley is being sued in this action in his official capacity and in his individual capacity.

11. At all relevant times, defendants John Does 1 through 50 (fictitious designation for one or more unidentified individuals)("John Does") were duly appointed police officers, supervisors, technicians, agents, servants, and/or employees of Camden County and/or CCPD acting under color of New Jersey law.

12. At all relevant times, defendants ABC Entities 1 through 10 (fictitious designation for one or more departments, agencies or divisions of Camden County and/or CCPD ("ABC Entities") were responsible for the CCPD, its police and law enforcement personnel and/or services and were acting under color of New Jersey law.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. On June 12, 2014 at approximately 9:40 p.m. defendants, Merck, Gennetta and Marchiafava (collectively "Defendant Officers") were assigned to the CCPD's Community Safety Team with Merck as the supervisor. The Defendant Officers were on foot patrol conducting a 'sweep' of the Chestnut Court apartment complex. The Defendant Officers arrested Xavier Ingram on S. 7th Street between Chestnut and Mt. Vernon streets.

14. As Dickerson was passing by on the sidewalk of S. 7th Street he observed Defendant Officers and John Does physically assaulting Xavier Ingram while he was handcuffed and laying in the street. Dickerson asked the police to stop and they responded by threatening him in a menacing tone, to wit: "move on, unless you want some of this too." Dickerson responded to the police with a non-threatening profane comment and proceeded to walk away as directed.

15. After Dickerson walked away, a CCPD police cruiser pulled up alongside him on S. 7th Street. Multiple CCPD officers, including upon information and belief, several of the Defendant Officers, Shockley and/or John Does ("CCPD Officers") attacked Dickerson. The CCPD officers violently forced Dickerson to the ground face down and handcuffed him. The CCPD officers then forcefully, violently and repeatedly stomped on and kneed Dickerson in his back and kicked his ribs. Dickerson suffered painful injuries and needed medical care. The CCPD officers forced Dickerson into the back of a patrol car and took him to the police station where they charged him. A CCPD officer then took Dickerson to the hospital emergency room and after he was discharged, CCPD officers incarcerated Dickerson in jail. The charges have since been dismissed.

16. The aforementioned acts and omissions were done pursuant to official policy and/or the policies, customs and practices of Camden County.

17. The aforementioned acts and omissions were in violation of plaintiff Dickerson's rights as protected by the Fourth, Fourteenth and Eight Amendments of the U.S. Constitution.

18. That as a direct and proximate result of the aforementioned acts and omissions, Dickerson has suffered and will continue to suffer from physical injures, has and will continue to endure pain, suffering, emotional distress and mental anguish, and has been deprived of his civil and constitutional rights, and has sustained other damages.

## JURISDICTION

19. This Court has jurisdiction pursuant to Title 28 of the United States Code, Section 1331, and Title 42 of the United States Code, Section 1983.

20. Venue is properly laid in the United States District Court of the District of New Jersey pursuant to Title 28 United States Code Section 1391(b) in that all of the acts complained of herein occurred in the district and that the defendants are citizens of, reside in, or are public entities of the State of New Jersey and domiciled within this district.

21. The matter in controversy herein involves an amount in excess of Seventy Five Thousand Dollars ($75,000) exclusive of interest.

## FIRST COUNT

### LIABILITY FOR FALSE ARREST
### IN VIOLATION OF 42 U.S.C. §1983

22. Plaintiff repeats and realleges each and every allegation heretofore pled as though fully set forth herein at length.

23. At the above time and place, Defendant Officers, Shockley and John Does had no probable cause to arrest plaintiff Dickerson. Nevertheless, these defendants did unlawfully arrest and detain Dickerson.

24. Defendant Officers, Shockley and/or John Does were acting under color of New Jersey law when they engaged in this illicit conduct which deprived Dickerson of his civil and constitutional rights to be free from unlawful and unreasonable seizure as guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and/or by the New Jersey Constitution and as such the aforementioned acts constitute an actionable violation of 42 U.S.C. §1983.

25. As a direct and proximate result of the aforementioned violations of 42 U.S.C. §1983, Dickerson has suffered and will continue to suffer physical injures, has been and will continue to endure pain, suffering, emotional distress and mental anguish, has been deprived of his civil and constitutional rights, and has sustained other damages.

WHEREFORE, plaintiff Darren Dickerson demands judgment against defendants County of Camden, Camden County Police Department, Jeremy Merck, Antonio Gennetta, Mark Marchiafava, Nigel Shockley, John Does 1-50, ABC Entities 1-10 jointly and severally, for compensatory damages with interest; punitive damages; attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## SECOND COUNT

### LIABILITY FOR EXCESSIVE USE OF FORCE IN VIOLATION OF 42 U.S.C. §1983

26. Plaintiff repeats and realleges each and every allegation heretofore pled as though fully set forth herein at length.

27. The Defendant Officers, Shockley, and John Does ("CCPD Officers") used unjustified, unnecessary and excessive force in arresting Dickerson. As Dickerson was handcuffed and face down on the street, CCPD Officers violently stomped, kicked and beat Dickerson. The nature and extent of the force used by the CCPD Officers was objectively unreasonable and done with deliberate indifference to Dickerson's rights, health, safety and welfare.

28. The CCPD Officers were acting under color of New Jersey law when they engaged in this illicit conduct which deprived Dickerson his civil and constitutional rights to be free of unlawful and unreasonable seizure as guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and/or by the New Jersey Constitution and as such the aforementioned acts constitute an actionable violation of 42 U.S.C. §1983.

29. The Defendant Officers acted maliciously in that they consciously violated Dickerson's civil and constitutional rights, and consciously intended to injure Dickerson in the manner done knowing it was unlawful to do so, and/or they acted in a wanton manner by recklessly and/or callously disregarding Dickerson's rights.

30. As a direct and proximate result of the aforementioned violations of 42 U.S.C. §1983, Dickerson has suffered and will continue to suffer physical injuries, has been and will continue to endure pain, suffering, emotional distress and mental anguish, has been deprived of his civil and constitutional rights, and has sustained other damages.

WHEREFORE, plaintiff Darren Dickerson demands judgment against defendants County of Camden, Camden County Police Department, Jeremy Merck, Antonio Gennetta, Mark Marchiafava, Nigel Shockley, John Does 1-50, ABC Entities 1-10 jointly

and severally, for compensatory damages with interest; punitive damages; attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## THIRD COUNT

### SUPERVISORY AND BYSTANDER LIABILITY FOR CONSTUTIONAL VIOLATIONS UNDER 42. U.S.C. 1983

31. Plaintiff repeats and realleges each and every allegation heretofore pled as though fully set forth at length herein.

32. Defendant Merck and/or John Doe was the supervisor with authority over subordinate officers Gennetta, Marchiafava, Shockley and John Does. Merck and/or John Doe observed the subordinate officers use of excessive, unnecessary and unjustified force against Dickerson. Merck and/or John Doe knew that the subordinate officers' acts and omissions were done with deliberate indifference and/or objectively unreasonable manner in violation of Dickerson's constitutional and civil rights as guaranteed under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and/or New Jersey Constitution.

33. As the supervisor, Merck and/or John Doe had a duty to intervene and stop the unconstitutional conduct by his subordinate officers. Merck breached that duty by failing to intervene which resulted in violation of Dickerson's constitutional and civil rights and sustaining physical injuries. Accordingly, Merck is subject to bystander liability under Title 42 U.S.C. §1983.

34. As the supervisor Merck and/or John Doe had actual knowledge, personal involvement in and acquiesced to his subordinates' illicit actions and omissions towards Dickerson, which resulted in violation of Dickerson's constitutional and civil rights and

serious physical injuries. Accordingly, Merck and/or John Doe is subject supervisory liability under Title 42 U.S.C. §1983.

35. Merck and/or John Doe acted maliciously in consciously violating Dickerson's federal rights and consciously intended to injure Dickerson in the manner done knowing it was unlawful to do so, and further acted in a wanton manner by recklessly and/or callously disregarding Dickerson's rights, health, safety and welfare.

36. As a direct and proximate result of the aforementioned violations of 42 U.S.C. §1983, Dickerson has suffered and will continue to suffer physical injures, has been and will continue to endure pain, suffering, emotional distress and mental anguish, has been deprived of his civil and constitutional rights, and has sustained other damages.

WHEREFORE, plaintiff Darren Dickerson, demands judgment against defendants Jeremy Merck, John Does 1-50, County of Camden, Camden County Police Department, and ABC Entities 1-10, jointly and severally, for compensatory damages with interest; punitive damages; attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## FOURTH COUNT

### GOVERNMENTAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS CAUSED BY INADEQUATE POLICIES, PROCEDURES AND CUSTOMS

37. Plaintiff repeats and realleges each and every allegation heretofore pled as though fully set forth herein.

**A.     BACKGROUND TO THE CCPD**

38. Pursuant to the "Memorandum of Understanding In Furtherance of the Camden County Police Department", Camden County expressed its willingness to form a new county-wide police department and the City of Camden expressed its interest in

joining it. The plan was for the City of Camden to cease operating the City of Camden Police Department, lay off all of its staff and officers and have the CCPD provide police and law enforcement services to the City of Camden. The newly formed CCPD would hire a number of former police officers and staff of the City of Camden Police Department. This Memorandum of Understanding also provided that the City of Camden would share with Camden County the personnel records of current and laid off municipal law enforcement personnel, including but not limited to their training and discipline records. Upon information and belief, the City of Camden did provide such personnel records to Camden County.

39. On or about January 26, 2013 Camden County, vis-à-vis a resolution passed by the Camden County Board of Freeholders, formed the CCPD.

40. On or about March 19, 2013, Camden County approved the hiring of approximately 155 police officers who were or had been employed by the City of Camden Police Department. This included 15 superior ranking officers. Camden County also hired or authorized the hiring of approximately 120 police officers from outside of Camden County.

41. As of April 30, 2013, the City of Camden Police Department ceased operations.

42. As of May 1, 2013, and continuing through all times relevant hereto, the CCPD provided police and law enforcement services to the City of Camden pursuant to a Police Services Agreement.

B. **BACKGROUND TO THE CITY OF CAMDEN POLICE DEPARTMENT**

43. The City of Camden Police Department had a long-standing and extensive history of citizen complaints of police misconduct including excessive use of force and other violations of citizens' civil and constitutional rights, rule infractions and disciplinary problems with its police officers. The City of Camden Police Department's Internal Affairs Unit ("Internal Affairs") was reportedly plagued by failures to properly handle reports and investigate complaints against its officers and other irregularities which permitted its officers' misconduct to continue.

44. Camden County knew or should have known that there were multiple claims and lawsuits arising from illicit, unlawful and unconstitutional acts by the City of Camden Police Department police officers many of whom were hired to work for Camden County and CCPD. Camden County knew or should have known that the City of Camden Police Department maintained a culture of wrongdoing while under the oversight and supervision of Chief Thomson and Asst. Chief Cuevas. Despite knowing of this culture of wrongdoing, Camden County has failed to take any remedial action to prevent such wrongdoing by those City of Camden police officers and law enforcement personnel hired for CCPD.

45. Two former officers with the City of Camden Police Internal Affairs Unit, Lt. Anthony Carmichael and Lt. John A. Sosinavage, filed suit against both Camden County and the City of Camden, as well as Chief Thomson and Asst. Chief Cuevas, alleging that they misused the Internal Affairs Department for improper purposes, including but not limited to, ordering that they charge officers with serious offenses without conducting investigations into the allegations; drop investigations into 'favored'

officers, to focus on rule infractions rather than criminal/serious infractions; and that it was not necessary to follow the Attorney General Guidelines for internal affairs investigations. (<u>Carmichael v. Police Chief John Scott Thomson</u>, Case No. 1:14-cv-03323, U.S. District Court, Camden; <u>Sonsinavage, v. Police Chief John Scott Thomson</u>, Case No. 1:14-cv-03292, U.S. District Court, Camden).

### C. POLICIES AND CUSTOMS CONTINUE UNCHECKED AT THE CCPD

46. Chief Thomson ascended through the ranks of the City of Camden Police Department, serving in various operational, investigative and command positions. He also served as its Chief of Police for 5 years, since 2008, before being sworn in as the Chief of Police for CCPD on May 1, 2013.

47. Asst. Chief Cuevas spent his entire 23 year career in Camden City Police Department working his way up the ranks until 2008 when he was promoted to Inspector of Operations and in 2010 he was named Inspector of Support Services. On May 1, 2013, Cuevas joined the CCPD as Deputy chief and was promoted to Assistant Chief of Police on October 28, 2013.

48. Camden County and the CCPD knew that Chief Thomson and Asst. Chief Cuevas were final decision makers and policy makers, and the supervisors in charge of the hiring, training, supervision, discipline and oversight of police officers, and the overall operations in the City of Camden Police Department, including the internal affairs unit.

49. Camden County and CCPD, having been provided with the personnel and disciplinary records of former City of Camden Police Department police officers and supervisory personnel, knew or should have known that those City police officers and

supervisory personnel hired for CCPD had a history of complaints of police misconduct, including but not limited to excessive force, and false arrests; and that there had been a widespread pattern, practice and custom within that police force for violating the civil and constitutional rights of Camden citizens. Further, Camden County and CCPD knew that its highest policy makers, decision makers and/or supervisors, Chief Thomson and Asst. Chief Cuevas, had tacitly approved such pattern, practice and customs and had acted with deliberate indifference in failing to properly train, supervise and discipline the officers, including all Defendant Officers herein, to prevent future acts of misconduct.

50. Camden County and the CCPD, by and through Chief Thomson and Asst. Chief Cuevas, have condoned and perpetuated a custom and practice of inadequate and improper investigations of civilian complaints against police officers in its internal affairs unit, as well as having failed to provide sufficient training, supervision and discipline of its officers, including all Defendant Officers herein, which constitutes tacit approval and encouragement of the customs and practices under which CCPD's officers' engage in conduct which violates the civil and constitutional rights of Camden citizens.

51. Camden County and the CCPD, by and through Chief Thomson and Asst. Chief Cuevas, had actual notice that constitutional violations were likely to occur and acted with deliberate indifference in failing to properly screen, train, supervise its officers, and in failing to properly investigate complaints of police misconduct and discipline officers of the CCPD, including all Defendant Officers herein, which allowed this conduct to continue unchecked.

52. All of the aforementioned acts and omissions of the Defendant Officers, Shockley, and/or John Does in violating plaintiff Dickerson's rights under 42

U.S.C.§1983, were directly and proximately caused by official governmental policies, regulations, policies, customs and practices, formulated, tolerated and/or tacitly approved by Chief Thomson, Asst. Chief Ceuvas, John Does, Camden County and/or the CCPD.

53. As a direct and proximate result of the aforementioned violations of 42 U.S.C. §1983, Dickerson has suffered and will continue to suffer physical injures, has been and will continue to endure pain, suffering, emotional distress and mental anguish, has been deprived of his civil and constitutional rights and has sustained other damages.

WHEREFORE, plaintiff Darren Dickerson, demands judgment against defendants John Scott Thomson, Orlando Cuevas, John Does 1-50, County of Camden, CCPD and/or ABC Entities 1-10, jointly and severally, for compensatory damages with interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## FIFTH COUNT

### GOVERNMENTAL LIABILITY FOR CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE TRAINING AND SUPERVISION

54. Plaintiff repeats and realleges each and every allegation heretofore pled as though fully set forth herein at length.

55. Camden County, CCPD, Chief Thomson, Asst. Chief Cuevas, John Does and/or ABC Entities had a duty to properly train and supervise their officers, including the Defendant Officers Shockley, and John Does. These defendants breached this duty in that the training provided to CCPD officers was inadequate and they failed to adequately supervise their officers with deliberate indifference to the fact that their failure to properly train and supervise would obviously result in the violation of the civil and constitutionally protected rights of citizens, including those of plaintiff Dickerson, to not

be subject to excessive, unnecessary and unjustified use of force, false arrest and detention; and other wrongs.

56. As a direct and proximate result of the deliberate indifference to the need for proper training and supervision by Camden County, CCPD, Chief Thomson, Asst. Chief Cuevas, John Does and/or ABC Entities, plaintiff Dickerson was deprived of his rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution and/or the New Jersey Constitution.

57. As a direct and proximate result of the aforementioned violations of 42 U.S.C. §1983, Dickerson has suffered and will continue to suffer physical injures, has been and will continue to endure pain, suffering, emotional distress and mental anguish, has been deprived of his civil and constitutional rights, and has sustained other damages.

WHEREFORE, plaintiff Darren Dickerson, demands judgment against defendants Camden County, Camden County Police Department, John Scott Thomson, Orlando Cuevas, John Does 1-50 and/or ABC Entities 1-10, jointly and severally, for compensatory damages with interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

### CERTIFICATION

I have been retained to represent plaintiff Darren Dickerson in connection with the within matter. I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration or administrative proceeding. However, this case does relate to the civil

action filed in this Court entitled: Xavier Ingram v. County of Camden, et al., Case No.: 1:14-cv-05519-JBS-KMW.  There are no other parties of whom I am presently aware who should be joined in this action.

The defendants herein have been served with a Notice of Tort Claim pursuant to N.J.S.A. 59:9-1, et. seq., and plaintiff does herein reserve his right to seek to amend this action to add state law claims as against these defendants after expiration of the 6 month period of time as this Court has supplemental jurisdiction over such state law claims.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MAZIE SLATER KATZ & FREEMAN, LLC<br>
Attorneys for Plaintiffs<br><br>
BY: _____<br>
BETH G. BALDINGER

Dated: November 4, 2014