**BROWN & CONNERY, LLP**
William M. Tambussi, Esquire
William F. Cook, Esquire
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900

Christopher A. Orlando, County Counsel
Howard L. Goldberg, First Assistant County Counsel
520 Market Street, 14th Floor
Camden, New Jersey 08102-1375
(856) 225-5543

*Attorneys for the County of Camden, Camden County Police Department, Nigel Shockley, Jeremy Merck, Antonio Gennetta, Mark Marchiafava, John Scott Thomson, and Orlando Cuevas*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARREN A. DICKERSON,**<br><br>        **Plaintiff,**<br><br>        vs.<br><br>**COUNTY OF CAMDEN, CAMDEN COUNTY POLICE DEPARTMENT, NIGEL SHOCKLEY, JEREMY MERCK, ANTONIO GENNETTA, MARK MARCHIAFAVA, JOHN SCOTT THOMSON, ORLANDO CUEVAS, JOHN DOE(S) 1-50, and ABC ENTITIES 1-10.**<br><br>        **Defendants.** | CIV. NO. 1:14-CV-6905 (RBK/KMW)<br><br>**ANSWER OF DEFENDANTS COUNTY OF CAMDEN, CAMDEN COUNTY POLICE DEPARTMENT, NIGEL SHOCKLEY, JEREMY MERCK, ANTONIO GENNETTA, NICHOLAS MARCHIAFAVA (IMPROPERLY IDENTIFIED AS MARK MARCHIAFAVA), JOHN SCOTT THOMSON, AND ORLANDO CUEVAS WITH AFFIRMATIVE DEFENSES, JURY DEMAND, AND CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2** |

Defendants County of Camden, Camden County Police Department, Nigel Shockley, Jeremy Merck, Antonio Gennetta, Nicholas Marchiafava (improperly

identified as Mark Marchiafava), John Scott Thomson, and Orlando Cuevas, by way of answer to the Complaint filed herein, say:

## THE PARTIES

1. These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

2. It is admitted that the County of Camden is a duly constituted county subdivision of the State of New Jersey, established pursuant to the laws and constitution of the State of New Jersey. The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

3. Denied as pled. It is admitted that the Camden County Police Department is organized and exists pursuant to the laws of the State of New Jersey. It is specifically denied that the Camden County Police Department is an entity capable of being sued separate and apart from the County of Camden. The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

4. Denied as pled.

5. It is admitted that defendant John Scott Thomson is the duly appointed Chief of the Camden County Police Department and an employee of the County of Camden. The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

6. Denied as pled. It is admitted that defendant Orlando Cuevas is a duly appointed Assistant Chief of the Camden County Police Department and an employee of

2

the County of Camden. The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

7. Denied as pled. It is admitted that defendant Jeremy Merck was a Sergeant in the Camden County Police Department at all relevant times and is an employee of the County of Camden. The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

8. Denied as pled. It is admitted that defendant Anthony Gennetta is a police officer in the Camden County Police Department and an employee of the County of Camden. The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

9. These allegations are denied.

10. Denied as pled. It is admitted that defendant Nigel Shockley is a police officer in the Camden County Police Department and an employee of the County of Camden. The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

11. The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

12. The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

3

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

14. These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

15. These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

16. Denied.

17. Denied.

18. Denied.

## JURISDICTION

19. This allegation is a legal conclusion concerning jurisdiction to which no responsive pleading is required.

20. This allegation is a legal conclusion concerning venue to which no responsive pleading is required.

21. This allegation is a legal conclusion concerning the amount in controversy to which no responsive pleading is required.

4

2461423.v1

## FIRST COUNT

## LIABILITY FOR FALSE ARREST
## IN VIOLATION OF 42 U.S.C. §1983

22. The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

23. Denied.

24. Denied.

25. Denied.

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

## SECOND COUNT

## LIABILITY FOR EXCESSIVE USE OF FORCE IN VIOLATION OF
## 42 U.S.C. § 1983

26. The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

## THIRD COUNT

## SUPERVISORY AND BYSTANDER LIABILITY FOR CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. §1983

31. The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

## FOURTH COUNT

## GOVERNMENTAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS CAUSED BY INADEQUATE POLICIES, PROCEDURES AND CUSTOMS

37. The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

A. **BACKGROUND TO THE CCPD**

38. The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

39. The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

40. The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

41. The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

42. It is admitted that as of May 1, 2013, the police services in the City of Camden are provided by the Camden County Police Department. It is further admitted that the County of Camden and the City of Camden are parties to a Police Services Agreement. The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

  **B.**   **BACKGROUND TO THE CITY OF CAMDEN POLICE DEPARTMENT**

43 The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

44. Denied.

45. The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

  **C.**   **POLICIES AND CUSTOMS CONTINUE UNCHECKED AT THE CCPD**

46. Admitted.

47. Admitted.

48. The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

7

49. Denied as pled. It is specifically denied that the former Camden Police Department officers and personnel hired by Camden County "had a history of complaints of police misconduct, including but not limited to excessive force and that there had been a widespread pattern, practice and custom within that police force for violating the civil and constitutional rights of Camden citizens" and that defendants Thomson and Cuevas "had tacitly approved such pattern practice and customs and had acted with deliberate indifference in failing to properly train, supervise and discipline the officers, including the defendant Officers herein, to prevent future acts of misconduct."

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

### FIFTH COUNT

### GOVERNMENTAL LIABILITYI FOR CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE TRAINING AND SUPERVISION

54. The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

55. Denied.

56. Denied.

57. Denied.

8

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William M. Tambussi*
William M. Tambussi, Esquire

DATED: August 20, 2015

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part due to absolute and/or qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part, as the defendants complied with all applicable state statutes, regulations and common law duties owed to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part, as the plaintiff suffered no violation of his civil rights due to the action or inaction of the answering defendants.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part on the basis of those defenses specified under Federal Rules of Civil Procedure 12(b)(1) which the defendants have not

9

waived: (a) lack of jurisdiction over the defendants; (b) improper venue; (c) insufficiency of process; and/or (d) insufficiency of service or process.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part, as the action(s) of the answering defendants complained of do not rise to the level of a constitutional violation.

## SEVENTH AFFIRMATIVE DEFENSE

The answering defendants were not guilty of negligence and did not breach or violate any duty or obligation owed to the plaintiff, if any. Even if the answering defendants were negligent, such negligence did not rise to the level of a constitutional violation.

## EIGHTH AFFIRMATIVE DEFENSE

The answering defendants did not act maliciously, intentionally or in a wrongful manner.

## NINTH AFFIRMATIVE DEFENSE

The answering defendants at all times relevant herein performed their duties, and at no time were the answering defendants grossly negligent, reckless and/or deliberately indifferent to the medical, safety or other needs of the plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part, as the answering defendants are immune by virtue of the good faith exercise of their official duties and offices.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part, as the answering defendants may not be held liable under a theory of *respondeat superior*, and are not vicariously liable for the actions of the other defendants.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part as there was no policy or custom implemented by the answering defendants which were a driving force of the constitutional violation alleged by the plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

The injuries suffered by the plaintiff resulted from his own actions and/or the actions of third parties over whom the answering defendants had no control and/or no duty to control.

### FOURTEENTH AFFIRMATIVE DEFENSE

At the times and places mentioned in the Complaint, there was no proximate cause between the alleged acts and conduct of the Answering Defendants and the alleged damages suffered by plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

The answering defendants affirmatively plead the procedural and substantive provisions of the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 *et seq.* and are immune from plaintiff's claim for relief or damages due to the immunities set forth therein.

11

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred in whole or in part, and by any/all provisions of the New Jersey Tort Claim Act, *N.J.S.A*. 59:1-1 et seq., due to plaintiff's failure to comply with the said provisions, including as if listed herein separately and particularly each and every section identified and encompassed therein and/or the immunities provided to the defendant(s) under the aforementioned provisions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Camden County Police Department is not a proper party defendant under law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages from the entity defendants, the individual defendants, or both.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of estoppel, fraud, unclean hands or waiver.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because the answering defendants acted with probable cause.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

## RESERVATION OF DEFENSES AND OBJECTIONS

The defendants hereby reserve the right to interpose such other defenses and objections as continuing investigation may disclose.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William M. Tambussi*
William M. Tambussi, Esquire

DATED: August 20, 2015

## JURY TRIAL DEMAND

A jury trial is demanded as to all issues raised in plaintiff's Complaint.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William M. Tambussi*
William M. Tambussi, Esquire

DATED: August 20, 2015

## CERTIFICATION PURSUANT TO LOC. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy involves similar underlying facts to the matter docketed as <u>Ingram v. Camden County, et al.</u>, District of New Jersey Docket No. 14-cv-5519 (JBS/KMW). Otherwise, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                              **BROWN & CONNERY, LLP**

                                              */s/ William M. Tambussi*
                                              William M. Tambussi, Esquire

DATED:      August 20, 2015

## PROOF OF SERVICE

I, William M. Tambussi, attorney for the defendants County of Camden, Camden County Police Department, Nigel Shockley, Jeremy Merck, Antonio Gennetta, Nicholas Marchiafava (improperly identified as Mark Marchiafava), John Scott Thomson, and Orlando Cuevas, hereby certify that on the date below, a true and correct copy of the Answer was filed with the Court and counsel of record via the ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

                                          Respectfully submitted,

                                        **BROWN & CONNERY, LLP**

                                        */s/ William M. Tambussi*
                                        William M. Tambussi, Esquire

DATED:      August 20, 2015